STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

RABIAA TABORA V LUCILLE LANNA

Case ID: KC-2010-0329

Case Type: CIVIL RIGHTS/JOB DISCRIMIN
Status Date: 03-02-2010

Filing Date: 03-02-2010
Case Status: UNASSIGNED

Attorney: JOSEPH DAIGLE

Plaintiff: RABIAA TABORA
ID: @11243840

Defendant: LUCILLE LANNA
ID: @11243841

Defendant: LUCILLE LANNA, M.D LTD.
ID: @11243843

Defendant: ELIZABETH SABATINO
ID: @11243844

Defendant: MALISSA DAPONTE
ID: @11243845

Defendant: LEA CARVALHO
ID: @11243846

| Scheduled Events | | |
|---|---|---|
| | Location | Judge |
| Date    Event | | |

| Prior Events | | |
|---|---|---|
| | Location | Judge |
| Date    Event | | |

| Case Jacket | | |
|---|---|---|
| | | Comments/Text |
| Checked Out   Returned | Person | |

| Docket Entry Information | |
|---|---|
| | Text |

| Date | Description | |
|---|---|---|
| 03-02-2010 | COMPLAINT FILED | A Payment of -$160.00 was made on receipt SCK70151. |
| 03-02-2010 | INITIAL FILING FEE | Affiliated: LANNA, LUCILLE |
| 03-02-2010 | Payment Applied | Affiliated: LUCILLE LANNA, M.D LTD. |
| 03-11-2010 | SUMMONS,PROOF OF SERVICE FILED | Affiliated: CARVALHO, LEA |
| 03-11-2010 | SUMMONS,PROOF OF SERVICE FILED | TO UNITED STATES DISTRICT COUTR FOR THE DISTRICT |
| 03-11-2010 | SUMMONS,PROOF OF SERVICE FILED | OF RHODE ISLAND. |
| 03-23-2010 | NOTICE OF REMOVAL | Affiliated: LANNA, LUCILLE |

TRUE COPY ATTEST

Edward Morrone

EDWARD MORRONE, CLERK
KENT COUNTY SUPERIOR COURT

03-23-2010 02:09 PM

Page 1 of 1

ricourts/CXAREPC/CWRDKSC/MRA



STATE OF RHODE ISLAND                        SUPERIOR COURT
KENT, SC.

```
_____
                              )
RABIAA TABORA,                )
      Plaintiff,              )
                              )
                              )    C.A. NO. KC10-329
v.                            )
                              )
LUCILLE LANNA, M.D., LTD,     )
LUCILLE LANNA, ELIZABETH      )
SABATINO, MALISSA DAPONTE,    )
LEA CARVALHO,                 )
      Defendants.             )
_____)
```

## COMPLAINT AND JURY DEMAND

Plaintiff Rabiaa Tabora complains as follows:

1.     Plaintiff   Rabiaa   Tabora   ("Ms.   Tabora"   or

"Plaintiff") is an individual residing in East Greenwich, County

of Kent, Rhode Island.

2.     Defendant Lucille Lanna, M.D., Ltd. (the "medical

practice") is a Rhode Island corporation with a usual place of

business at 390 Tollgate Road, Suite 103, Warwick, County of

Kent, Rhode Island and operates as a medical practice.

3.     Defendant Dr. Lucille Lanna ("Dr. Lanna") is the

owner of a majority interest in the medical practice and the

person primarily in charge of employment decisions.  The company

employed at least five people during all times relevant to this

matter.

4.   Defendant Elizabeth Sabatino ("Ms. Sabatino") is the office manager for the practice and was Ms. Tabora's immediate supervisor.

5.   Defendant Malissa DaPonte ("Ms. DaPonte") is employed by the company as a medical secretary.

6.   Defendant Lea Carvalho ("Ms. Carvalho") is employed as a medical assistant in the practice.

## FACTS

7.   Ms. Tabora was employed by Lucille Lanna, M.D., Ltd. from January 7, 2009 to June 18, 2009 as medical assistant and secretary.   She is a Certified Medical Assistant and received her medical education at Rhode Island College.

8.   Ms. Tabora was born in the Kingdom of Morocco and is a permanent resident of the United States.   Ms. Tabora is a Moslem.

9.   During her employment, the comments Ms. Tabora received from Dr. Lanna regarding her job performance were generally excellent.

10.   Shortly after starting work at the practice, Ms. Tabora became the victim of racial bullying, primarily at the hands of Ms. DaPonte.   Ms. DaPonte's behavior toward Ms. Tabora included suddenly lunging at her in an attempt to physically intimidate her.   Although Ms. Sabatino technically held a supervisory position over all of the staff, including Ms.

DaPonte, it was clear that she would not stand up to Ms. DaPonte, who, on more than one occasion declared that she was "the boss."

11.   Ms. Tabora was also insulted on an almost daily basis by Ms. DaPonte.  Ms. Carvalho and Ms. Sabatino would also participate in this behavior or laugh along with Ms. DaPonte. Their comments included calling Ms. Tabora "stupid", "stinky" and "ugly."  They mimicked her accent and frequently told her that she should return to Morocco or made fun of the fact that she was an immigrant.

12.   The three women would interrogate Ms. Tabora about her sex life and her sexual relations with her ex-husband in an attempt to embarrass her.

13.   By no later than March 30, 2009, Dr. Lanna became aware of the way her staff treated Ms. Tabora when she learned of it from one of Ms. Tabora's co-workers.  Upon learning of the ongoing harassment, Dr. Lanna told Ms. Tabora that she was aware she was being abused and that she would address it with her staff.  However, Dr. Lanna never took any action to protect Ms. Tabora from further mistreatment and never disciplined any of the staff.

14.   The environment in the office then took a turn for the worse.  Dr. Lanna became increasingly hostile to Ms. Tabora and informed her that she did not want her to answer the

3

phones because her accent was "horrible." Instead, she gave Ms. Tabora other work assignments. However, when Ms. Tabora attempted to do those assignments, Ms. DaPonte interfered. As a result, Ms. Tabora ended up doing the least desirable tasks in the office, including cleaning the doctor's office, running errands and walking the doctor's dog.

15. The terms of Ms. Tabora's employment were much different than the other employees. Although she was better trained in the medical field than her co-workers, she earned significantly less money. She was forced to punch out for lunch, while the other employees did not.

16. When Ms. DaPonte complained about not getting enough hours to work (because of "some fucking immigrant"), Ms. Sabatino cut Ms. Tabora's hours to increase DaPonte's. Ms. Sabatino would also take Ms. Tabora's time card and scratch off some of the time she had worked without justification.

17. When Ms. Tabora complained to Dr. Lanna about losing hours in this way, she replied, "I am a busy woman, can't you see? I don't have time for this crap."

18. Dr. Lanna also made discriminatory statements to Plaintiff. She informed Ms. Tabora on two different occasions that she had never hired an immigrant before and that she would not do so again in the future.

19. Ms. Tabora was particularly vulnerable to the treatment she received from Dr. Lanna and her co-workers due to the fact that, at Dr. Lanna's suggestion, Ms. Tabora made Dr. Lanna her primary care physician. Dr. Lanna started treating Ms. Tabora shortly after she began working at the practice.

20. Shockingly, Dr. Lanna apparently made no attempt to keep the details of Ms. Tabora's medical conditions and treatment private from her tormentors. Ms. DaPonte, Ms. Sabatino and Ms. Carvalho all gained access to Ms. Tabora's medical information and used that information to demean her.

21. Ms. Tabora felt humiliated by the unnecessary disclosure of her personal medical information to the staff. She became increasingly depressed and was extremely uncomfortable going to work.

22. On June 18, 2009, Dr. Lanna terminated Ms. Tabora's employment, ostensibly because Ms. Tabora had not been able to learn the other positions in the office in order to cover for other staff members. (Dr. Lanna later claimed that she terminated Ms. Tabora to protect her from being involved in a police investigation of other staff members' criminal acts.)

23. As a result of Defendants' discriminatory acts, Ms. Tabora was forced to endure an abusive work environment, changes in the terms of her employment, and was terminated from

her job.   In addition, she experienced extreme emotional distress.

## FIRST CAUSE OF ACTION
(Rhode Island Fair Employment Practices Act,
R.I.G.L. §28-5-1 et seq.)

24. Plaintiff repeats the allegations contained in Paragraphs 1 through 23 of this Complaint.

25. Plaintiff is a member of a protected class and was discriminated against with respect to the terms, conditions and privileges of employment because of her membership in that protected class.

26. As a result of Defendants' actions, Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgment:

a.  Awarding Plaintiff compensatory damages for lost wages and mental anguish;

b.  Awarding Plaintiff punitive damages; and

c.  Awarding Plaintiff reasonable attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper.

## SECOND CAUSE OF ACTION
(42 U.S.C. §1981 and 42 U.S.C. §2000e-2)

27. Plaintiff repeats the allegations contained in Paragraphs 1 through 23 of this Complaint.

28.     Plaintiff is a member of a protected class and was discriminated against with respect to the terms, conditions and privileges of employment because of her membership in that protected class.

29.     As a result of Defendants' actions, Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgment:

a.     Awarding Plaintiff compensatory damages for lost wages and mental anguish;

b.     Awarding Plaintiff punitive damages; and

c.     Awarding Plaintiff reasonable attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper.

### THIRD CAUSE OF ACTION
(Hostile Work Environment –
42 U.S.C. §2000e-2 and 42 U.S.C. §1981)

30.     Plaintiff repeats the allegations contained in Paragraphs 1 through 23 of this Complaint.

31.     During the duration of Plaintiff's employment, Defendant employer allowed Plaintiff's supervisors and/or co-workers to intentionally subject Plaintiff to a hostile work environment.  The work environment was both objectively and subjectively offensive, one that a reasonable person would find

hostile or abusive, and one that Plaintiff did perceive to be so.

32. Defendant's toleration of this mistreatment toward Plaintiff allowed a hostile work environment to develop in violation of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 and 42 U.S.C. §1981

33. As a result of this hostile work environment, Plaintiff has been damaged.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgment:

a. Awarding Plaintiff compensatory damages for lost wages and mental anguish;

b. Awarding Plaintiff punitive damages; and

c. Awarding Plaintiff reasonable attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper.

FOURTH CAUSE OF ACTION
(Retaliation - 42 U.S.C. § 2000e-3 and 42 U.S.C. §1981)

34. Plaintiff repeats the allegations contained in Paragraphs 1 through 23 of this Complaint.

35. During the duration of Plaintiff's employment, Defendant employer negligently and/or intentionally allowed a hostile work environment to exist affecting Plaintiff's job

performance and creating an intimidating, hostile, and offensive work environment.

36. Plaintiff complained about disparate treatment of her and the harassment directed toward her.

37. Defendant engaged in various acts of retaliation against the Plaintiff as a result of the Plaintiff's opposition to the disparate treatment.

38. Plaintiff was damaged as a result of Defendant's retaliation.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment:

a. Awarding Plaintiff compensatory damages for lost wages and mental anguish;

b. Awarding Plaintiff punitive damages; and

c. Awarding Plaintiff reasonable attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper.

## FIFTH CAUSE OF ACTION
### (Assault – Defendant DaPonte)

39. Plaintiff repeats the allegations set forth in paragraphs 1 through 23 of this Complaint.

40. Defendant DaPonte made physical acts of a threatening nature toward Plaintiff and made offers of corporal injury to her.

9

41. Defendant DaPonte's actions put Plaintiff in fear of imminent bodily harm.

42. Plaintiff's fear of Defendant DaPonte was reasonable.

43. Defendant DaPonte's actions caused Plaintiff to suffer fear and humiliation.

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment:

a. Awarding Plaintiff compensatory damages for mental anguish;

b. Awarding Plaintiff punitive damages; and

c. Awarding Plaintiff reasonable attorney's fees, costs, and such other and further relief as this Court deems necessary and proper.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – Defendants DaPonte, Sabatino, Carvalho)

44. Plaintiff repeats the allegations set forth in paragraphs 1 through 23 of this Complaint.

45. Defendants' conduct toward Plaintiff was extreme and outrageous.

46. Defendants' conduct toward Plaintiff was intentional or reckless.

47. Defendants' actions proximately caused Plaintiff to suffer severe emotional distress.

10

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgment:

a.   Awarding Plaintiff compensatory damages for mental anguish;

b.   Awarding Plaintiff punitive damages; and

c.   Awarding Plaintiff reasonable attorneys' fees, costs, and such other and further relief as this Court deems necessary and proper.

### SEVENTH CAUSE OF ACTION
(Tortious Interference with Contractual Relations – Defendant Sabatino)

48.   Plaintiff repeats the allegations set forth in paragraphs 1 through 23 of this Complaint.

49.   Plaintiffs had a verbal contract with the medical practice whereby she would receive compensation for work performed on behalf of the company.

50.   Defendant Sabatino was aware of Plaintiff's contract for compensation.

51.   Defendant intentionally and improperly acted to interfere with Plaintiff's employment by preventing her from being paid for all of the work she performed.

*WHEREFORE*, Plaintiff respectfully requests that this Court enter Judgment awarding Plaintiff compensatory damages, punitive damages, attorney's fees, costs, and such other and further relief as this Court deems necessary and proper.

## EIGHTH CAUSE OF ACTION
(Negligent Supervision - Lucille Lanna)

52.  Plaintiff repeats the allegations set forth in paragraphs 1 through 23 of this Complaint.

53.  Defendant Lanna had a duty of care in selecting and supervising a staff that was fit and competent to carry out the duties of their respective positions.

54.  Defendant Lanna violated that duty of care by employing Defendant Sabatino and continuing to allow her to work with Plaintiff despite evidence of her abusive actions towards Plaintiff.

55.  Plaintiff has been harmed as a result of Defendant Lanna's negligence.

WHEREFORE, Plaintiff prays that this Honorable Court enter Judgment in her favor, award compensatory damages, attorney's fees, costs and such other relief as the Court deems just.

## NINTH CAUSE OF ACTION
(Respondeat Superior - Lucille Lanna, M.D., Ltd.)

56.  Plaintiff repeats the allegations set forth in paragraphs 1 through 23 of this Complaint.

57.  The intentional torts of Defendants DaPonte, Sabatino and Carvalho were committed in furtherance of their employer's business.

58.   The   intentional   torts   of   Defendants   DaPonte, Sabatino   and   Carvalho   were   committed   with   their   employer's knowledge.

59.   Defendant   medical   practice   is   liable   the intentional torts of Defendants DaPonte, Sabatino and Carvalho.

*WHEREFORE*, Plaintiff prays that this Honorable Court enter Judgment   in   her   favor,   award   compensatory   damages,   attorney's fees, costs and such other relief as the Court deems just.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all counts.

Dated:   _March 2, 2010_

Plaintiff,

RABIAA TABORA,

By her attorney,

_Joseph R Daigle_
Joseph R. Daigle, #5429
LAW OFFICE OF JOSEPH R. DAIGLE
3288 Post Road
Warwick, RI 02886
(401)256-1417
Fax: (401)633-6217

13



# STATE OF RHODE ISLAND
## SUPERIOR COURT
### CIVIL CASE COVER SHEET

CASE #

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

Rabiaa Tabora

PLAINTIFF          ID#

Lucille Lanna, M.D., LTD, Lucille Lanna, M.D., Elizabeth Sabatino, Malissa DaPonte, Lea Carvalho

DEFENDANT          ID#

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

CIVIL ACTION

| | | |
|---|---|---|
| ( ) AA  AGENCY APPEAL | ( ) EX  EXCESSIVE TAX | ( ) PR  PARTITION |
| (✓) AB  ASSAULT & BATTERY | ( ) FF  FORFEITURE | ( ) RC  REINSTATE CHARTER |
| ~~( ) AE  ASBESTOS CASES~~ | ~~( ) FG  FOREIGN JUDGMENT~~ | ( ) PT  PROMISSORY NOTE |
| ( ) AI  ANTI-TRUST | ( ) FS  FRIENDLY SUIT | ( ) RY  REAL PROPERTY |
| ( ) BA  BOOK ACCOUNT | ( ) ID  PER INJURY/PROP DAM/VEH | ( ) SA  SEXUAL ABUSE |
| ( ) BP  BILL OF RIGHTS-POLICE OFF | ( ) IJ  INJUNCTIVE RELIEF | ( ) SF  SPECIFIC PERFORMANCE |
| (✓) CH  CIVIL RIGHTS/JOB DISCRIM | ( ) IP  INTERPLEADER | ( ) SX  SEXUAL HARASSMENT |
| ( ) CI  CRIMINAL INJURY COMP | ( ) LC  LEAD CASE | ( ) TD  CONTRACT DAMAGES |
| ( ) CL  COMMON LAW ASSIGNMENT | ( ) LS  LIBEL/SLANDER | ( ) TE  TRESSPASS & EJECTMENT |
| ( ) CM  COMMON LAW LIEN | ( ) ME  MALPRACTICE/LEGAL | ( ) TO  TITLE CLEARING |
| ( ) CS  CONVERSION | ( ) MM  MALPRACTICE/MEDICAL | ( ) TV  TRUSTEE/APPT CONVEY TITLE |
| ( ) CV  CRIMINAL CONVERSION | ( ) MO  MALPRACTICE/OTHER | ( ) TG  TRUSTEE/ACCOUNTING |
| ( ) CH  CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV  OTHER CIVIL ACTION | ( ) UM  UNINSURED MOTORIST |
| ( ) DJ  DECLARATORY JUDGMENT | ( ) PB  PROPERTY DAMAGES | ( ) WM  WRIT OF MANDAMUS |
| ( ) DG  RECOVERY OF DAMAGES | ( ) PG  PROPERTY DAMAGES/VEH | ( ) WR  WRIT OF REPLEVIN |
| ( ) DB  DEBT ON JUDGMENT | ( ) PI  PERSONAL INJURY | ( ) WD  WRONGFUL DEATH |
| ( ) DD  DECEPTIVE TRADE PRACTICE | ( ) PJ  PERSONAL INJURY/VEHICLE | |
| ( ) DN  DENIAL OF PROBATE CLAIM | ( ) PL  PRODUCT LIABILITY | |

MISCELLANEOUS PETITION

| | | |
|---|---|---|
| ( ) AC  ARBITRATION/CONFIRM | ( ) GJ  GRAND JURY INVESTIGATION | ( ) PX  PETITION TO EXPUNGE |
| ( ) AD  ARBITRATION AWARD | ( ) HC  HABEAS CORPUS | ( ) PY  PETITION INVENT (WIRE TAP) |
| ( ) AS  ASSESSMENT OF DAMAGES | ( ) LN  LEVEL COMMUN NOTIFICATION | ( ) RB  ARBITRATION REFERRAL |
| ( ) CE  CONDEMNATION | ( ) ML  MECHANICS LIEN | ( ) RP  RULE 5A PETITION |
| ( ) CN  CONFIRM COMPROMISE | ( ) MW  MATERIAL WITNESS | ( ) RV  RECEIVERSHIP |
| ( ) CP  CONTEMPT | ( ) OM  OTHER MISC PETITION | ( ) SO  SEXUAL VIOLENT PREDATOR |
| ( ) DI  DISCLAIMER | ( ) OW  OUT OF STATE WITNESS | ( ) TA  APPOINTMENT OF TRUSTEE |
| ( ) DS  DISSOLUTION OF CORP | ( ) PC  POST CONVICTION RELIEF | ( ) TC  TITLE CLEARING (TAX TITLE) |
| ( ) DT  DECLINATION OF TRUSTEE | ( ) PD  PETITION TO TAKE DEPO | ( ) TL  FORECLOSURE/TAX LIEN |
| ( ) EN  END PARTNERSHIP | ( ) PM  PETITION FOR IMMUNITY | ( ) TS  TRUSTEE SUCCESSOR |
| ( ) FC  FORFEITURE OF CHARTER | ( ) PO  PETITION FOR CONSTABLE | ( ) VC  VACATE ARBITRATION |
| ( ) FL  FORECLOSURE RIGHTS REDEM | ( ) PS  PERFORM SURGERY | |

PROBATE APPEAL

| | | |
|---|---|---|
| ( ) GD  GUARDIANSHIP | ( ) OA  OTHER PROBATE APPEAL | ( ) WL  WILL |
| ( ) NC  NAME CHANGE | ( ) TU  TRUST | |

DISTRICT COURT APPEAL

( ) DISTRICT COURT APPEAL

| TRIAL | (✓) YES | ( ) NO | IF YES: | (✓) JURY | ( ) NON-JURY |
|---|---|---|---|---|---|

ATTORNEY NAME & REGISTRATION#

PRO SE/NAME:  Joseph R. Daigle, #5429

DATE:  TODAY

SC223      (REV05-05)

STATE OF RHODE ISLAND                     AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| ____ *Providence County* | XX *Kent County* |
|---|---|
| Licht Judicial Complex | Kent County Judicial Complex |
| 250 Benefit Street | 222 Quaker Lane |
| Providence, Rhode Island 02903 | Warwick, Rhode Island 02886 |

| ____ *Newport County* | ____ *Washington County* |
|---|---|
| Murray Judicial Complex | McGrath Judicial Complex |
| 45 Washington Square | 4800 Tower Hill Road |
| Newport, Rhode Island 02840 | Wakefield, Rhode Island 02879 |

CIVIL ACTION, FILE No. .......... KC10-0329

RABIAA TABORA

.................................................
**Plaintiff**

Lucille Lanna

.................................................
**Defendant**

*Summons*

*To the above-named Defendant:*

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ... Joseph R. Daigle .......................................
Plaintiff's attorney, whose address is ..3288...Post...Road,...Warwick,...RI..02886...................................
.................................................................................................................................................
an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

   If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

   As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.................................................,
CLERK

Dated: ...........................................................

**(Seal of the Superior Court)**

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

KENT ............................,SC

## PROOF OF SERVICE

I hereby certify that on the ......... 4th ........ day of ... March 2010 ...... I served a copy of this summons and a copy of the complaint received therewith upon .... Lucille Lanna ...........

.................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.........................................

........................................................................., with a person of suitable age and discretion then

.......................... (Address)

residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, .........................

........................................................................., with a person of suitable age and discretion then

residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ...............................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

.................................................................................

.................................................................................

Sheriff's Fees
    Travel ............... $ .............

    Service ............... $ .............

               $ 40-

michael Cas 121
Deputy Sheriff
Constable

X

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

ATTORNEY FOR PLAINTIFF

Joseph R. Daigle

Lucille Lanna
VS
Rabiaa Tasbora

SUPERIOR COURT

SUMMONS

FILE NO. ........ KC10-0329

CIVIL ACTION

STATE OF RHODE ISLAND     AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

___ **Providence County**
    Licht Judicial Complex
    250 Benefit Street
    Providence, Rhode Island 02903

___ **Newport County**
    Murray Judicial Complex
    45 Washington Square
    Newport, Rhode Island 02840

xx___ **Kent County**
    Kent County Judicial Complex
    222 Quaker Lane
    Warwick, Rhode Island 02886

___ **Washington County**
    McGrath Judicial Complex
    4800 Tower Hill Road
    Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. ...... KC10-0329

RABIAA TABORA

.................................................
                                    **Plaintiff**

LUCILLE LANNA, MD, LTD

.................................................
                                    **Defendant**

# *Summons*

*To the above-named Defendant:*

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon   Joseph R. Daigle

Plaintiff's attorney, whose address is ....3288 Post Road, Warwick, RI 02886..........

............................................................................................. an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

   If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

   As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

................................................................
                                                    CLERK

Dated: ..................................................

**(Seal of the Superior Court)**

# State of Rhode Island and Providence Plantations

KENT ......................,SC

## PROOF OF SERVICE

I hereby certify that on the .......... 4th .......... day of March 2010 I served a copy of this
summons and a copy of the complaint received therewith upon Lucille Lanna MD

..........................................................................................................................

in the following manner:

X   By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ...........................................
................................................................................ , with a person of suitable age and discretion then
residing therein.                        (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ...........................................
................................................................................ , with a person of suitable age and discretion then
residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to
receive service of process, namely............................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given
as follows: also served plaintiff First
Request for production of Documents.

..........................................................................................................................

Sheriff's Fees
    Travel ................. $ ...........................
    
    Service ................. $ ...........................                    Michael Caus 121
                                                                            Deputy Sheriff
                    $ 40—                                              Constable

NOTE: Returnable to Plaintiff's Attorney forthwith after
service. Proof of service to be filed within time during which
the person served must respond.

X ~~~~~

ATTORNEY FOR PLAINTIFF

Joseph R. Daigle

VS
Lucille Lanna MD, Ltd

Rabiaa Tabora

SUPERIOR COURT

SUMMONS

FILE NO. .........
KC10-0329

CIVIL ACTION

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

___ *Providence County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

xx *Kent County*
Kent County Judicial Complex
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE No. KC10-0329

RABIAA TABORA
.................................................
**Plaintiff**

LEA CARVALHO
.................................................
**Defendant**

}

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ............ Joseph R. Daigle ....................................... Plaintiff's attorney, whose address is ......... 3288 Post Road, Warwick, RI 02886 ...............................................

....................................................................... an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

.................................................
**CLERK**

Dated: .................................................

**(Seal of the Superior Court)**

S- 135 (REV. 02/07)

# State of Rhode Island and Providence Plantations

KENT ..............,SC

## PROOF OF SERVICE

I hereby certify that on the .......... 4th .......... day of .......... March 2010 .......... I served a copy of this

summons and a copy of the complaint received therewith upon .......... Lea Carvalho ..........

in the following manner:

X   By delivering a copy of the summons and complaint to ~~him~~/her personally. ..........

By leaving a copy of the summons and complaint at his/her dwelling house,..........
.........., with a person of suitable age and discretion then
.......... (Address) ..........
residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........
.........., with a person of suitable age and discretion then
residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to

receive service of process, namely ..........

such agent being one designated by statute to receive service, further notice as the statute requires was given
as follows:
..........
..........
..........

Sheriff's Fees
Travel .......... $ ..........

Service .......... $ ..........

$ 40-

X ~Real~ ~C.~ ~Canula~

michal Caies 121
~Deputy Sheriff~
Constable

---

NOTE: Returnable to Plaintiff's Attorney forthwith after
service. Proof of service to be filed within time during which
the person served must respond.

ATTORNEY FOR PLAINTIFF

Joseph R. Daigle

Lea Carvalho
VS

Rabiaa Tabora

SUPERIOR COURT

FILE NO. .......... KC10-0329 ..........

SUMMONS

CIVIL ACTION

KENT SUPERIOR COURT
FILED

**SUPERIOR COURT**

**STATE OF RHODE ISLAND**
**KENT, SC.**

10  MAR 23  PM 2: 05

EDWARD P. MORRONE, CLERK

**RABIAA TABORA**

**C.A. No. KC 10-0329**

vs.

**LUCILLE LANNA, M.D., LTD.**
**LUCILLE LANNA, ELIZABETH**
**SABATINO, MALISSA DAPONTE,**
**LEA CARVALHO**

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendants Lucille Lanna and Lucille Lanna MD, Ltd., have removed this action

from the Rhode Island Superior Court to the United States District Court for the District

of Rhode Island.  Attached hereto is a copy of the Notice of Removal.

By Their Attorneys,

Daniel K. Kinder #2151
John D. Deacon, Jr., #2226
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI  02903
(401)272-8080
(401)272-8195 fax

## CERTIFICATION

I hereby certify that on the 23 day of March, 2010 I caused to be  mailed a copy of
the within document to Joseph R. Daigle, Esq., 3288 Post Rd., Warwick, RI 02886 .

## UNITED STATES DISTRICT COURT
### DISTRICT OF RHODE ISLAND

RABIAA TABORA

RECEIVED

vs.                                          C.A. No.

LUCILLE LANNA, M.D., LTD.
LUCILLE LANNA, ELIZABETH
SABATINO, MALISSA DAPONTE,
LEA CARVALHO

CA10 - 141 ᵐᴸ

### NOTICE OF REMOVAL

Defendants Lucille Lanna and Lucille Lanna MD, Ltd., hereby remove this action

from the Rhode Island Superior Court.  Attached hereto are copies of the summons and

complaint, which were served to these defendants on March 4, 2010.

This action is removable under 28 USCA section 1441 (a)-(c), and 28 USCA

section 1331, because the second, third, and fourth counts in the complaint assert claims

arising under the laws of the United States.

By Their Attorneys,

Daniel K. Kinder #2151
John D. Deacon, Jr., #2226
Little Medeiros Kinder Bulman & Whitney PC
72 Pine Street
Providence, RI  02903
(401)272-8080
(401)272-8195 fax
dkinder@lmkbw.com
jdeacon@lmkbw.com